**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hope Grissom, | No. CV-25-03179-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| USAA Insurance Agency Incorporated of Texas, et al., | |
| Defendants. | |

Before me is Plaintiff Hope Grissom's Motion for Leave to Amend Complaint and Remand (the "Motion"). (Doc. 10.) For the following reasons, I will **grant** the motion, permit joinder of United Services Automobile Association ("USAA"), dismiss USAA Insurance Agency, Inc. of Texas ("USAA Texas"), and remand this action to Maricopa County Superior Court.

## I.    BACKGROUND

On August 8, 2024, Grissom was involved in a car accident while driving to work. (Doc. 1-1 at ¶¶ 16–18, 27.) At the time of the accident, Grissom was insured by "USAA through their subsidiary Garrison Property and Casualty Insurance ('Garrison')" under Arizona automobile policy number GAR 022525422 7101 (the "Policy"). (*Id.* at ¶ 18.)

Grissom worked a full-time job but also performed side jobs delivering food for DoorDash. (*Id.* at ¶ 19.) On the morning of August 8, 2024, before heading to her full-time job, Grissom completed a single DoorDash delivery, dropping off the order at approximately 6:55 a.m. (*Id.* at ¶¶ 20–23.) She then attempted to log off the DoorDash

application and proceeded to work. (*Id.* at ¶ 24.) Due to a technical malfunction, the DoorDash application displayed an error message stating "Failed to end dash," leaving Grissom technically logged in. (*Id.*) Roughly ten minutes later, at around 7:05 a.m., Grissom collided with another vehicle. (*Id.* at ¶ 27.)

After the accident, Garrison denied Grissom's claim, invoking the Policy's ride-sharing exclusion. (*Id.* at ¶¶ 33, 45.) On August 15, 2024, the assigned adjuster informed Grissom that "USAA covers claims when they occur when the insured is not logged into the app" and that "USAA excludes coverage while the insured is logged into the app but has not accepted an active assignment." (*Id.* at ¶ 33.) Subsequent correspondence reiterated that "USAA would not provide liability coverage" absent proof that Grissom was not logged into the application at the time of the accident. (*Id.* at ¶ 43.) Grissom alleges that the denial was wrongful because the exclusion applies only when the insured is both logged into the application and available to accept delivery assignments—and she was unavailable and en route to her regular job. (*Id.* at ¶¶ 35–37, 62–64.)

On July 29, 2025, Grissom filed this action in Maricopa County Superior Court, naming as defendants USAA Texas and Garrison. (*Id.* at 2.) The body of the Complaint, however, identifies the defendants as "Garrison" and "USAA Insurance Company." (*Id.* at ¶¶ 3–4.) The Complaint further alleges that "Defendant USAA is a reciprocal insurance company," that "USAA is an unincorporated association[,] and therefore shares the citizenship of each of [its] members, including Plaintiff." (*Id.* at ¶ 11.)

On August 29, 2025, USAA General Indemnity Company ("USAA GIC")—appearing on the ground that it had been "incorrectly sued as USAA Insurance Agency, Inc. of Texas"—and Garrison jointly removed to this court, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 1, ¶¶ 5–7.) The notice of removal asserts that Grissom is a citizen of Arizona, that USAA GIC and Garrison are each incorporated in Texas with their principal places of business in San Antonio, Texas, and that complete diversity therefore exists among the parties. (*Id.* at ¶¶ 4–7.) The notice further asserts that the amount in controversy exceeds $75,000. (*Id.* at ¶ 10.)

On September 26, 2025, Grissom filed the present Motion, seeking leave to substitute or, alternatively, to join USAA—which she identifies as "the parent company of Defendants USAA Insurance Agency, Inc. of Texas and Garrison"—as a defendant, and to remand to state court. (Doc. 10 at 1–3.)  Grissom asserts that USAA is "a reciprocal interinsurance exchange with members in all fifty states of the United States, making them a citizen of each state," and that USAA's joinder therefore destroys complete diversity. (*Id.* at 3, 12.)  Defendants opposed the motion (Doc. 15),[1] and Grissom replied (Doc. 16).[2]

## II.    DIVERSITY OF CITIZENSHIP

"District courts are courts of limited jurisdiction, and that jurisdiction is defined by federal statute—subject, of course, to constitutional limitations." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025).  The two main "kinds of cases" over which Congress has granted jurisdiction are "federal question cases and diversity cases." *Id.* (quotation marks omitted).  Grissom alleges no federal claims; the sole basis for federal jurisdiction is diversity. (*See* Doc. 1 at 2.)  To establish diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be complete diversity of citizenship— that is, the plaintiff cannot be a citizen of the same state as any defendant.  28 U.S.C. § 1332(a).

Grissom alleges that USAA "is a reciprocal insurance company" that "is an unincorporated association and therefore shares the citizenship of each of [its] members, including Plaintiff." (Doc. 1-1 at ¶ 11.)  "A reciprocal insurance exchange, in its pure form is a web of contractual relationships between subscribers who agree to insure one another, consummated through a common agent with power of attorney." *Cady v. Am. Fam. Ins. Co.*, 771 F. Supp. 2d 1129, 1131 (D. Ariz. 2011) (cleaned up).  A reciprocal insurance

---

[1]    In their opposition to the present motion, Defendants take the position that "USAA Insurance Agency, Inc. of Texas" is a "non-existent entity" that should be dismissed with prejudice. (Doc. 15 at 2 & n.1.)

[2]    The parties did not request oral argument, and it is not necessary, so this motion is decided without holding a hearing. *See* LRCiv 7.2(f).

exchange is an unincorporated association and, as such, "is deemed a citizen of every state where it has members." *Id.*; *see also Friedman v. Pekin Ins. Co.*, 2023 WL 3952418, at *2 (D. Ariz. May 16, 2023), *report and recommendation adopted*, 2023 WL 4053016 (D. Ariz. June 16, 2023). Courts in this District have consistently held that a reciprocal insurance exchange's "members" are its policyholders. *See James River Ins. Co. v. Farmers Ins. Exch.*, 2012 WL 1190886, at *4 (D. Ariz. Apr. 10, 2012) ("Arizona district courts have consistently found that for diversity purposes, an insurance exchange shares citizenship with each of its members . . . [and] that an insurance exchange's 'members' are its policyholders.").

Grissom is a citizen of Arizona, and she alleges that she is a USAA policyholder. (Doc. 1-1 at ¶¶ 3, 11, 18.) Defendants do not dispute the allegation that USAA is a reciprocal interinsurance exchange, nor do they dispute that USAA is a citizen of Arizona for diversity purposes. (*See generally* Doc. 15.) Because a reciprocal insurance exchange is a citizen of every state where it has policyholders, USAA is a citizen of Arizona. Accordingly, joining USAA as a defendant would destroy complete diversity. The question, then, is whether joinder is permissible under 28 U.S.C. § 1447(e). I turn to that question next.

### III. JOINDER

When a plaintiff seeks to add a non-diverse defendant after removal, 28 U.S.C. § 1447(e) governs.[3] That section provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.

---

[3] Grissom's Motion also invokes Federal Rule of Civil Procedure 15, arguing that leave to amend should be freely given when justice so requires and that her proposed substitution of USAA for USAA Texas relates back to the original pleading under Rule 15(c)(1)(C). (Doc. 10 at 2–5.) The question of how Rule 15 and § 1447(e) interact is unresolved by the Ninth Circuit. In one of the only Ninth Circuit cases analyzing § 1447(e), the Court of Appeals said that the "permissive" language of § 1447(e) "clearly gives the district court the discretion to deny joinder" of a diversity-destroying defendant. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In two unpublished decisions since *Newcombe*, the Ninth Circuit again identified § 1447(e) as supplying the applicable legal standard in this scenario. *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016). Consistent with that authority, I apply § 1447(e).

- 4 -

§ 1447(e). The decision to permit joinder of a diversity-destroying defendant is left to the sound discretion of the court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms and clearly gives the district court the discretion to deny joinder.").

Although § 1447(e) itself does not specify how courts should exercise their discretion, the Ninth Circuit in *Newcombe* affirmed the district court where it "considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur." *Id.* Based on *Newcombe* and subsequent Ninth Circuit authority, I consider those three factors here.[4] *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021); *see also Gatz v. Life Time Inc.*, 2025 WL 1222285, at *2 (D. Ariz. Apr. 28, 2025); *Shaffer v. Abbott Lab'ys*, 2025 WL 2416463, at *1 (D. Ariz. Aug. 21, 2025).

### A.    Balance of the Equities

The balance of the equities favors joinder. In balancing the equities, I must determine whether Grissom has a viable claim against USAA because, if she does not, denying joinder costs her nothing.

Defendants contend that Grissom cannot state a claim against USAA because USAA is not a party to the Policy. (Doc. 15 at 2–6.) Defendants rely principally on *Meineke v. GAB Business Services, Inc.*, 991 P.2d 267 (Ariz. Ct. App. 1999), and *Goldberg v. Pacific Indemnity Co.*, 2008 WL 508495 (D. Ariz. Feb. 21, 2008)—both of which hold that an independent, third-party adjusting company hired by an insurer owes no duty to the insured. Neither case, however, addresses the relationship at issue here: a parent insurance entity and its subsidiary underwriter. Thus, the rule from *Meineke* and *Goldberg* is irrelevant.

---

[4] Grissom briefed a six-factor test drawn from district-court authority. (*See* Doc. 10 at 5–10.) Some courts in this Circuit apply that six-factor test, and others apply a nine-factor variation. *Gatz v. Life Time Inc.*, 2025 WL 1222285, at *2 (D. Ariz. Apr. 28, 2025). As other courts in this District have recognized, however, the three factors identified in *Newcombe* best reflect the Ninth Circuit's articulation of the analysis. *See id.*; *Shaffer v. Abbott Lab'ys,* 2025 WL 2416463, at *1 (D. Ariz. Aug. 21, 2025). Because the considerations addressed by the six-factor test—necessity, delay, motive, statute of limitations, apparent merit, and prejudice—are subsumed within the three-factor inquiry, the choice of framework does not affect the outcome here.

Rather, parent-company liability in the insurance context is governed by *Gatecliff v. Great Republic Life Insurance Co.*, 821 P.2d 725 (Ariz. 1991). *Gatecliff* recognized that a parent insurance company may be liable to an insured under multiple theories, two of which are relevant here. 821 P.2d at 728, 730. First, under an alter-ego theory, a parent may be liable where the plaintiff shows both (1) unity of control between parent and subsidiary and (2) that observance of the corporate form would sanction fraud or promote injustice. *Id.* at 728. Unity of control may be established by factors including "stock ownership by the parent; common officers or directors; financing of subsidiary by the parent; payment of salaries and other expenses of subsidiary by the parent; failure of subsidiary to maintain formalities of separate corporate existence; similarity of logo; and plaintiff's lack of knowledge of subsidiary's separate corporate existence." *Id.* Second, under a direct-liability theory, a parent may be liable "based on its direct involvement" in the acts giving rise to the claim "regardless of its status as a non-party to the contract and regardless of whether any fraud or injustice is shown." *Id.* at 730. In *Gatecliff*, the court found direct liability appropriate where the parent functions as the management company for its subsidiary insurer, hires the adjusters, processes claims, and otherwise performs core insurance functions. *Id.* at 731.

Grissom's allegations, and the record before me, establish that she may have a viable claim against USAA under both theories of parent-company liability. The Complaint alleges that Garrison is a subsidiary of USAA, (Doc. 1-1 at ¶ 4); that Grissom was insured "by USAA through their subsidiary Garrison," (*id.* at ¶ 18); and that USAA itself opened, adjusted, and denied her claim, (*id.* at ¶¶ 29–30, 33, 43). The record supports these allegations. The Policy materials bear the USAA logo, (Doc. 15-1), and the denial letter is on USAA letterhead, identifies Grissom as a "USAA policyholder," and directs claim-related communications to a "USAA Claims Department," (Doc. 16 at 13, 14). Grissom further alleges that the Policy was purchased and maintained through USAA's platform, and that Garrison has no independent customer-facing operations. (*See id.* at 7.) I do not decide whether USAA will ultimately be held liable on either theory. The question I must

address is only whether Grissom's proposed claim against USAA has apparent merit, and I conclude that it does. *Gatecliff* recognizes precisely the theories of parent-company liability Grissom advances, and Defendants do not engage with *Gatecliff* at all. (*See* Doc. 15.)

Defendants also argue that Grissom's failure to allege a valid state-law claim against USAA means her joinder is fraudulent. (*Id.* at 5–6.) "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018) (quotation marks omitted). Defendants do not argue that Grissom has engaged in actual fraud. (*See generally* Doc. 15.) As to the second prong, Defendants bear the "heavy burden" of showing that USAA "cannot be liable on any theory" under Arizona law. *Grancare*, 889 F.3d at 548 (quotation marks omitted). They have not carried that burden; indeed, for the reasons discussed above, Grissom is able to state a colorable claim against USAA under *Gatecliff*.

The remaining equitable considerations also favor joinder. Grissom's Motion reflects inadvertent mistake rather than jurisdictional gamesmanship: the original defendant, USAA Texas, is by Defendants' own admission a non-existent entity, (Doc. 15 at 2 & n.1), and the body of the original Complaint repeatedly refers to USAA—not USAA Texas—as the insurer that issued the Policy and denied coverage, (*see* Doc. 1-1 at ¶¶ 3, 11, 18, 29–30, 33). The misnaming of a non-existent entity is precisely the type of error that would warrant leave to amend. Nor is there any indication of undue delay: Grissom filed the present Motion 28 days after removal.

The balance of the equities thus favors joinder.

## B.    Prejudice to Grissom and Risk of Injustice

Because the prejudice and injustice inquiries substantially overlap on these facts, I address them together. Denying joinder would prejudice Grissom and result in injustice. She would be forced to maintain parallel litigation: this action against Garrison in federal court, and a separate action against USAA in state court arising from the same Policy, the

same denial, and the same factual record. That posture creates a real risk of inconsistent rulings and imposes duplicative discovery and motion practice on both the parties and two judicial systems. Courts have consistently recognized that this kind of prejudice favors joinder. *See Rodd v. Stillwater Ins. Co.*, 2016 WL 3970862, at *2 (D. Ariz. July 25, 2016) (noting the purpose of joinder "is the avoidance of the risk of multiple litigation involving the same subject matter"); *Yang v. Swissport USA, Inc.*, 2010 WL 2680800, at *5 (N.D. Cal. July 6, 2010) ("Courts have found significant prejudice where claims against proposed non-diverse defendants are so intimately connected to those against an original defendant that denial of joinder would force a plaintiff to choose whether to pursue redundant litigation in another forum at the risk of inconsistent results, or forego valid claims against the non-diverse defendants.").

The risk is not hypothetical. Grissom alleges that USAA—not just Garrison— exercised core insurance functions, including issuing communications, adjusting the claim, and denying coverage. (Doc. 1-1 at ¶¶ 18, 29–33, 43, 45.) Grissom acknowledges that Arizona's two-year statute of limitations has not yet run and she can bring a separate state-court action against USAA. But far from eliminating the prejudice to Grissom, the availability of a separate remedy in state court affirms the prejudice described above—that is, that to obtain relief against USAA, Grissom would have to litigate in state and federal court.

This is not, moreover, a case where Grissom has opportunistically added a diversity-destroying defendant after removal. The original Complaint identifies "USAA" as the defendant that issued the Policy and denied coverage, (*id.* at ¶¶ 3, 11, 18, 29–30, 33), and Grissom moved to correct the naming error 28 days after removal. *Contra Labair v. TA Operating LLC*, 2026 WL 1453901, at *4 (D. Nev. May 22, 2026) (finding no injustice would result from denying joinder where plaintiff did not contemplate the added defendant at the outset). Justice is best served by adjudicating the rights of all parties involved in this dispute in a single action. *See Willey v. BMW of N. Am., LLC*, 2024 WL 4884218, at *2 (D. Nev. Nov. 22, 2024).

Because these considerations, together with the balance of the equities, favor joinder, I will permit joinder of USAA under § 1447(e).

**IV.   CONSEQUENCES OF JOINDER**

This case was removed based upon diversity of citizenship. Joining USAA destroys that diversity as both Grissom and USAA are Arizona residents. I therefore have no jurisdiction over this case upon joinder, and the case will thus be remanded to Maricopa County Superior Court upon the filing of Grissom's Amended Complaint.

Defendants request that USAA Texas be dismissed with prejudice on the ground that it is a non-existent entity. (Doc. 15 at 2 n.1.) Grissom concedes that USAA Texas was named in error. (Doc. 10 at 1–2.) Because both parties agree that USAA Texas should not be a party to this action, dismissal is appropriate. This ruling does not address the status of USAA GIC, which appeared in this action through the notice of removal on the theory that it had been "incorrectly sued as USAA Insurance Agency, Inc. of Texas." (Doc. 1 at 1.) That question is left to parties and the state court on remand.

**V.   CONCLUSION**

In sum, joinder of USAA is warranted under 28 U.S.C. § 1447(e), and joining USAA destroys complete diversity. Grissom's Motion will be granted, USAA Texas will be dismissed, and this action will be remanded to Maricopa County Superior Court upon the filing of Grissom's Amended Complaint.

Accordingly,

**IT IS ORDERED** that Grissom's Motion for Leave to Amend Complaint and Remand (Doc. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that Grissom is granted leave to file an Amended Complaint joining United Services Automobile Association as a defendant within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that Defendant USAA Insurance Agency, Inc. of Texas is **DISMISSED**.

///

**IT IS FURTHER ORDERED** that, upon the filing of an Amended Complaint joining United Services Automobile Association as a defendant, this action is **REMANDED** to the Superior Court of Arizona, Maricopa County, for further proceedings. The Clerk of Court shall transmit a certified copy of this Order to the Clerk of the Superior Court of Arizona, Maricopa County, pursuant to 28 U.S.C. § 1447(c), and shall close the case in this Court.

Dated this 3rd day of August, 2026.

Honorable Sharad H. Desai
United States District Judge